UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE A. GAMEROS GARCIA,<br><br>                Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | No.   2:12-CR-6045-WFN-1<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 321. The Motion is submitted by Mr. Garcia, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Garcia was indicted on August 21, 2012, for: (1) Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing Methamphetamine; and (2) Conspiracy to Distribute 500 Grams or More of a Mixture or Substance containing Methamphetamine. At the time of the change of plea hearing, Mr. Garcia pled to an Information Superseding Indictment alleging two counts, (1) Possession with Intent to Distribute Methamphetamine; and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Mr. Garcia appealed the Judgment, but his appeal was dismissed for failure to prosecute.

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily

ORDER ON § 2255 MOTION - 1


order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Garcia must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Mr. Garcia alleges that his sentence inappropriately relies upon the residual clause in 18 U.S.C. § 924(c). The statute increases sentences by a set amount for those persons who have committed either a crime of violence or a drug trafficking crime. "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . shall in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years. . ." 18 U.S.C. § 924(c). The statute defines both a drug trafficking crime and a crime of violence. A "'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et. seq.) . . .." The definition for a crime of violence requires use of force or any crime, "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In *Johnson v. United States*, the Supreme Court addressed a clause in 18 U.S.C. § 922(e)(2)(b) defining a crime of violence. The Supreme Court determined that the language in that particular clause was unconstitutionally vague and therefore violated the

Due Process Clause. 135 S. Ct. 2551 (2015). *Johnson* did not address 18 U.S.C. § 924(c). Further, *Johnson* only addressed the definition of a crime of violence. *Johnson* did not disturb application of § 924 for drug trafficking crimes.

In the Plea Agreement, Mr. Garcia agreed that the Government would have to prove that "Defendant possessed the firearm in furtherance of possessing with the intent to distribute a mixture or substance containing methamphetamine, as charged in Count 1." ECF No. 208, p. 4 - 5. Possession of methamphetamine with the intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), as charged in Count 1 of the Information Superseding Indictment, is a drug trafficking crime, not a crime of violence.

## STATUTE OF LIMITATIONS

The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2013). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Court doubts that this motion is timely. Even based on the date that the opinion was pronounced in *Johnson*, the time to file a § 2255 alleging a change in law has expired. However, as *Johnson* is inapplicable in Mr. Garcia's case as explained above, the Motion greatly exceeds the one year statute of limitations from the date that his Judgment was final.

ORDER ON § 2255 MOTION - 3

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Mr. Garcia's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed March 28, 2017, **ECF No. 321**, is **DENIED**.

2. Mr. Garcia's Motion for Appointment of Counsel, filed March 28, 2017, **ECF No. 323**, is **DENIED**.

3. Mr. Garcia's Motion for Leave to Proceed In Forma Pauperis, filed March 28, 2017, **ECF No. 322**, is **DENIED AS MOOT**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 17-CV-5041-WFN.

**DATED** this 30th day of March, 2017.

03-30-17

                        s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
                        SENIOR UNITED STATES DISTRICT JUDGE